UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANTHONY PACK,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Respondent. | No. 1:13-cv-00585-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RULE 60 MOTION, AND DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 44, 46) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 17, 2017, the undersigned adopted findings and recommendations recommending that the petition be denied and directed the case to be closed. (Doc. No. 41.) Judgment was issued accordingly. (Doc. No. 42.) On May 5, 2017, petitioner moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), contending that the judgment should be vacated because petitioner's failure to file timely objections was attributable to excusable neglect. (Doc. No. 44.) In the alternative, petitioner maintained that his failure to timely file objections was due to extraordinary circumstances under Federal Rule of Civil Procedure 60(b)(6). (*Id.*)

On May 30, 2017, the assigned magistrate judge issued findings and recommendations recommending that the undersigned deny the motion for relief from judgment and decline to issue a certificate of appealability. (Doc. No. 44.) The findings and recommendations, which were

1

served on all parties on the same date, provided that objections thereto could be served within thirty days and replies within fourteen days after the filing of any objections. Neither party has filed objections, and the time in which to do so has since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), having carefully reviewed the entire file *de novo* and considered petitioner's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis. While the undersigned understands the practical difficulties of litigating while one is in prison, here petitioner was granted two extensions of time to file objections to the findings and recommendations which recommended dismissal of his petition. Moreover, the order adopting that recommendation was not adopted until almost four weeks after petitioner's third request for an extension of time to file objections was denied and yet no objections were forthcoming in the interim. This court cannot indefinitely delay deciding a matter to allow petitioner additional time in which to file objections to findings and recommendations.

Moreover, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A certificate of appealability is required for an appeal of a motion under Rule 60 in a habeas action. *United States v. Winkles*, 795 F.3d 1134, 1139–40 (9th Cir. 2015); *Lynch v. Blodgett*, 999 F.2d 401, 402–03 (9th Cir. 1993). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, for claims denied on procedural grounds, a certificate of appealability should issue

"when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

For all of the reasons set forth above:

1. The findings and recommendations issued May 30, 2017 (Doc. No. 46) are adopted in full;
2. The motion for relief from judgment under Rule 60(b) (Doc. No. 44) is denied; and
3. The court declines to grant a certificate of appealability.

IT IS SO ORDERED.

Dated: **August 17, 2017**

UNITED STATES DISTRICT JUDGE